**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL RALPH PADILLA,

       Plaintiff,

v.                               No. CIV 08-0668 MV/WPL

C.O. THOMAS ULIBARRI, C.O. DANIEL SPARKS,
C.O. MARCOS VASQUEZ, C.O. CORRY HENN,
C.O. SGT. JACKSON, NEW MEXICO STATE PRISON,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ.

P. 12(b)(6), to review Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appearing pro se,

and proceeding in forma pauperis.  On review of Plaintiff's response to the order granting in forma

pauperis status, the previously ordered initial partial payment toward the filing fee will be waived.

For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under

§1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on

which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not

prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,

Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts

to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Ulibarri used excessive force on Plaintiff after an argument.  Plaintiff was taken to the hospital for treatment of his injuries.  He alleges that Defendants Sparks, Vasquez, and Henn threatened him and failed to intervene to protect him from Ulibarri's assault.  He seeks damages and equitable relief.

The caption of the complaint names C.O. Sgt. Jackson as a Defendant.  Sgt. Jackson is not, however, identified as a party in text and no allegations are made affirmatively linking him to the asserted violations.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official.  *See id.*  The Court will dismiss claims against Defendant Jackson.

The caption of the complaint also appears to name the New Mexico State Prison as a Defendant, although in text the prison is not identified as a party.  To the extent that Plaintiff intends to assert claims against the prison, the Court will dismiss these claims.  First, a correctional facility is not a suable entity.  *See White v. Utah*, No. 00-4109, 2001 WL 201980, at *1 (10th Cir. Mar. 1, 2001).  And second, if these claims are directed against the State itself, the claims are not authorized by the language of 42 U.S.C. § 1983.  A complaint under § 1983 must allege facts demonstrating the two elements of the statute: that a federal right was violated and that the deprivation was caused by a person acting "under color of state law."  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "As

we explained. . . , 'a governmental entity that is an arm of the state for Eleventh Amendment purposes' is not a 'person' for section 1983 purposes." *McLaughlin v. Bd. of Tr. of State Coll.*, 215 F.3d 1168, 1172 (10th Cir. 2000) (internal citations omitted).  Neither the prison nor the State is a person under § 1983, and Plaintiff's claims against this Defendant will be dismissed.

IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is WAIVED; Plaintiff shall file monthly financial certificates and make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why the payment should be excused; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Jackson and New Mexico State Prison are DISMISSED with prejudice, and Defendants Jackson and New Mexico State Prison are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Ulibarri, Sparks, Vasquez, and Henn.

_____
UNITED STATES DISTRICT JUDGE

3